[Civ. No. 6199. Third Appellate District.—February 3, 1939.]

FRANK E. GOMES, Petitioner, v. THE SUPERIOR COURT OF MERCED COUNTY et al., Respondents.

James L. Royle and Bert M. Green for Petitioner.

Earl Warren, Attorney-General, Eugene M. Elson, Deputy Attorney-General, and F. A. Silveria for Respondents.

THOMPSON, J.—This is a petition for a writ of review to annul an order of the Superior Court of Merced County, adjudging Frank E. Gomes, a member of the Western Co-operative Dairymen's Union to be guilty of contempt of court for violation of an injunction restraining him from refusing to permit or allow or resisting the administration of the tuberculin test by the officers of the department of agriculture of California in testing his cattle for tuberculosis under division 2, chapter 3, article III, of the Agricultural Code of California.

This proceeding is a companion case to the suit entitled *"Anthony Mattos, Petitioner,* v. *Superior Court of Merced County et al., Respondents,"* in which an opinion of this court was this day filed (*ante,* p. 641 [86 Pac. (2d) 1056]), to which reference is here made for a more detailed statement of facts. Many of the issues of this case are determined in the Mattos case.

It appears that the petitioner Frank E. Gomes is a member of the Western Cooperative Dairymen's Union and is pos-sessed of a herd of dairy cattle in the county of Merced. A suit is pending in that county entitled *"The People of the State of California, Plaintiff,* v. *Western Cooperative Dairy-*

*men's Union, etc., et al., Defendants.''* In that case an injunction was issued prohibiting the defendant Dairymen's Union, its officers, agents and members from "in any manner or at all, directly or indirectly, refusing to permit or allow, or resisting the administration of the tuberculin test" to their dairy cattle by the officers and agents of the department of agriculture of California, under the provisions of division 2, chapter 3, article III of the Agricultural Code.

The contempt proceeding against the petitioner was presented to the court upon the affidavit of George Smallbone, a veterinarian connected with the state department of agriculture. Oral testimony was also adduced at the hearing. The affidavit avers that the veterinarian visited the premises of the petitioner November 15, 1938, and informed the petitioner that he would call at his premises the following day at 11 o'clock A. M. for the purpose of administering the tuberculin test to his cattle under the provisions of the Agricultural Code and directed him to then have his cattle confined in stanchions for that purpose; that when he visited the premises of the petitioner on the last-mentioned date that "none of said cattle were confined in stanchions within said barn; that at said time said Gomes informed your affiant that he would not confine any of said cattle in said stanchions, nor would he permit the tuberculin testing of said cattle, or any of them". On oral examination, the veterinarian testified that the petitioner would not permit the testing of his cattle at that time for the reason that the Dairymen's Union had agreed to send its veterinarian to assist in the examination of the cattle; that they had not done so and that he was not then ready to proceed with the testing of the cattle. The petitioner himself testified that he then told the affiant "the veterinarian [of the Dairymen's Union] wasn't there so he didn't want to test his cows". The affiant further testified that the petitioner said "he wouldn't test, the veterinarian wasn't there, and he wouldn't test".

Upon the foregoing evidence the court found that the petitioner violated the provisions of the injunction by resisting, obstructing and refusing to permit the testing of his cattle pursuant to the provisions of the Agricultural Code. We are of the opinion the evidence supports the order of the court finding the petitioner guilty of contempt. In the case of *Affonso Brothers* v. *Brock*, 29 Cal. App. (2d) 26 [84

Pac. (2d) 515], we held that the owner of cattle was entitled to be present and participate in the testing of his cattle under the provisions of the Agricultural Code. This does not mean that an owner of cattle may refuse to permit the tuberculin testing of cattle by the officers and agents of the department of agriculture of California at any reasonable time or place designated by the officers of the department merely for his own convenience. The officers have a discretion in determining the time and place for such examination of cattle. (Sec. 244, Agr. Code.) ▇ It is the duty of the owners of cattle to conform to any reasonable rules and regulations of the department. The question of fact as to whether the petitioner was in good faith in refusing to permit the testing of his cattle on account of the absence of his veterinarian was solely for the determination of the trial court. The court had jurisdiction in the present case of the petitioner and the subject-matter. There is adequate evidence to support the finding that the petitioner violated the terms of the injunction. In that regard the facts of the present case are different from those determined in the Mattos case.

The order is affirmed.

Pullen, P. J., concurred.